KIEREN J. GANLY, an Infant, by JOHN B. GANLY, His Guardian ad Litem, et al., Respondents, *v.* STEEL STORAGE AND TRUCKING CORPORATION, Appellant, Impleaded with Others.

(Argued June 17, 1932; decided July 19, 1932.)

*F. M. Buermann* and *Barnett Cohen* for appellant. There is no evidence warranting the finding that plaintiff is entitled to recover because the affirmative proof established as a matter of law that defendant-appellant was not guilty of any negligence. (*Gibson* v. *Nassau Elec. R. R. Co.*, 185 App. Div. 320.)

*Abraham L. Sainer* and *Elmer F. Quinn* for respondents. The evidence justifies the verdict that the defendant-appellant was guilty of negligence. (*Fluker* v. *Ziegle*, 201 N. Y. 40; *Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488; *Callahan* v. *Terminal Cab Co.*, 259 N. Y. 112; *Walker* v. *Bradt*, 225 App. Div. 415; *Danhauser* v. *Wallenstein*, 169 N. Y. 205; *Woicianowicz* v. *Philadelphia & R. Coal & Ice Co.*, 232 N. Y. 256; *Wygand* v. *United Traction Co.*, 221 N. Y. 39; *Dolfine* v. *Erie R. R. Co.*, 178 N. Y. 1; *Ward* v. *Clark*, 189 App. Div. 344; 232 N. Y. 195; *Hoag* v. *N. Y. C. R. R. Co.*, 111 N. Y. 203; *Terwilliger* v. *Long Island R. R. Co.*, 152 App. Div. 168; 209 N. Y. 522; *Noakes* v. *N. Y. C. R. R. Co.*, 121 App. Div. 716; *Feigin* v. *Malvin*, 175 N. Y. Supp. 245.)

CRANE, J. This is a street crossing accident case in which the plaintiff has recovered a verdict for personal injuries while riding on an automobile going in the wrong direction, contrary to street regulations. The defendant, whose driver was using the streets with reasonable care and following regulations, has been mulcted in damages on insufficient evidence.

On March 2, 1928, the plaintiff, a young man twenty years of age, was riding on the step of a Ford automobile wagon driven by the defendant Charles Svoboda, through One Hundred and Eleventh street in an easterly direction, contrary to traffic regulations. One Hundred and

Eleventh street is a one-way street to the west toward the Hudson river, and Svoboda was driving east toward the East river, approaching Seventh avenue. Whatever excuse he might have had for going in this direction west of Seventh avenue, he had no excuse for crossing Seventh avenue, but should have turned to his right. Svoboda desired to go uptown, or in a northerly direction, and proceeded across Seventh avenue, turning to the left into traffic going north. He turned in front of the defendant's approaching truck and the collision occurred which injured the plaintiff. Seventh avenue is divided into north and south traffic by a parkway of trees and shrubs running through the center of the street. Uptown vehicles use one side of Seventh avenue; downtown traffic the other. It was while the Ford car was turning around the corner of this parkway to the left into Seventh avenue that the collision took place.

The truck was in plain sight, but Svoboda swears he did not see it. " Q. Did you see this other car crossing from your right? A. No, I did not. Q. The first time you knew about it was when you were hit? A. That is right." The truck driver had no reason to expect traffic from his left, or from the west, contrary to the street regulations and the directions indicated by the " arrow." The defendant's truck driver said he looked to the right toward the east but saw nothing approaching, as traffic had stopped. He did not expect anything from the west and had no reason to anticipate that Svoboda's automobile would turn from the west into northerly traffic. Svoboda turned without stopping from One Hundred and Eleventh street into Seventh avenue to go north, when the defendant's truck was not more than fifty or sixty feet from him, coming at reasonable speed. This is the case stated most strongly for the plaintiff, and does not justify a recovery. Svoboda, and not the defendant, was guilty of negligence. The accident was clearly the result of the Ford car proceeding in the wrong direction

against traffic regulations, turning into Seventh avenue at a street corner where left turns were not permitted.

The judgments should be reversed and a new trial granted, with costs to abide the event.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgments reversed, etc.